IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARGUERITE MORRIS                 :
                                  :
    v.                            :   Civil Action No. DKC 12-1946
                                  :
PRUDENTIAL INSURANCE COMPANY      :
OF AMERICA                        :

**MEMORANDUM OPINION**

Plaintiff Marguerite Morris commenced this action on June 29, 2012, seeking to enjoin disbursement of a death benefit payable under a Servicemembers' Group Life Insurance ("SGLI") policy issued by Defendant Prudential Insurance Company of America.[1] The insured, Katherine Morris, committed suicide on May 6, 2012. Her husband, Army Specialist Isaac J. Goodwin, is named as the beneficiary under the policy. Plaintiff, Katherine's mother, alleges that the marriage was a ruse to collect a higher Basic Allowance for Housing from the Army, and that Specialist Goodwin's abusive and adulterous conduct contributed to Katherine's suicide. Thus, she contends, "it would be inequitable and unjust for Goodwin to reap the benefits of such horrific behavior." (ECF No. 1 ¶ 17). Notably, she does not assert a competing claim to the benefit.

---

[1] The complaint names the defendant as "Prudential Financial, Inc., Office of Servicemembers' Group Life Insurance." Prudential has since advised of its proper name and the docket will be corrected accordingly.

Prudential responded by filing, along with its answer, a counterclaim and third-party complaint naming all potential claimants to the death benefit – specifically, Plaintiff, Specialist Goodwin, and members of his family who are designated as beneficiaries under his SGLI policy. The counterclaim/third-party complaint raises two claims. First, Prudential seeks a declaratory judgment "regarding whether the Death Benefit is payable in the event the Court finds that the marriage between the Insured and [Specialist Goodwin] was fraudulently entered into and not valid[.]" (ECF No. 9, at 12). Additionally, "[i]n the event that the [c]ourt enters a declaratory judgment finding that the Death Benefit is payable" (*id*. at 13), Prudential asserts a claim in interpleader, seeking an order directing it to deposit the death benefit, along with accrued interest, into the court's registry; directing the third-party defendants to interplead their rights; appointing a guardian *ad litem* to represent the interests of a minor contingent beneficiary; discharging Prudential from any liability; and awarding it attorneys' fees and costs.

On December 21, 2012, Specialist Goodwin's family members, proceeding *pro se*, filed what was purported to be an answer to the third-party complaint. In substance, however, this pleading addresses only the allegations raised in Plaintiff's complaint. While it is not responsive to Prudential's third-party

complaint, none of the family members assert a competing claim to the benefit; in fact, they essentially defend Specialist Goodwin's entitlement to it. On December 27, Specialist Goodwin, by counsel, answered the third-party complaint, alleging that because he is "the legal beneficiary of the policy at issue, [] there is no basis to deny him payment pursuant to the policy[.]" (ECF No. 28, at 4). He requests denial of all relief sought by Prudential and an award of attorneys' fees and costs. To date, Plaintiff has not answered the counterclaim.

Following a January 3, 2013, telephone conference, the case was stayed pending Plaintiff's submission of a report advising of the status of investigations related to the circumstances of the marriage and Katherine's death. On February 8, Plaintiff reported that one or more Army investigations were ongoing and requested that the stay be continued. On the same date, the court invited Prudential and the third-party defendants to express their views regarding Plaintiff's request for continuance of the stay. Specialist Goodwin responded, on February 21, opposing continuance and adding that "Plaintiff has still failed to answer the question of her standing to impede the payment of the death benefits to either Mr. Goodwin as the automatic beneficiary of his late wife's insurance policy, or the payment of the benefits to his beneficiaries if for some reason he is disqualified[.]" (ECF No. 34, at 1).

Noting that the issue of Plaintiff's standing had been raised as an affirmative defense in the responsive pleadings filed by both Prudential and Specialist Goodwin, and that it was discussed during the telephone conference, the court issued an order, on March 21, directing Plaintiff to show cause within fourteen days why the complaint should not be dismissed for lack of standing. (ECF No. 36). Prudential and the third-party defendants were invited to file papers in response.

Plaintiff did not respond to the show cause order. Prudential submitted an informal response, taking no position on the standing issue, but requesting, "in the event that the [c]ourt dismisses Plaintiff's complaint due to lack of standing and . . . does not receive objection to Prudential's request," that it "direct payment of the death benefit to Third-Party Defendant Isaac J. Goodwin and release Prudential from any further liability[.]" (ECF No. 37, at 1). Specialist Goodwin also filed a response, reiterating his position that Plaintiff had no standing and requesting dismissal of the complaint and an award of attorneys' fees and costs. (ECF No. 38).

The United States Court of Appeals for the Fourth Circuit recently summarized the relevant considerations in the standing analysis in *Doe v. Virginia Dept. of State Police*, --- F.3d ----, 2013 WL 1496937 (4th Cir. 2013). The court explained:

There exist two strands of standing: Article III standing, which ensures that a suit presents a case or controversy as required by the Constitution, and "prudential standing," which encompasses "judicially self-imposed limits on the exercise of federal jurisdiction." *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984).

To have Article III standing, [the plaintiff] must be able to show that (1) she suffered an actual or threatened injury that is concrete, particularized, and not conjectural; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable decision. *Miller* [*v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006)] (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561. . . .

Federal courts also face judicially imposed prudential limits on their jurisdiction "founded in concern about the proper – and properly limited – role of the courts in a democratic society." *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Standing doctrine's prudential dimensions are not as definite as its constitutional dimensions, but the Supreme Court has explained that "prudential standing encompasses 'the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked.'" *Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 12, 124 S.Ct. 2301, 159 L.Ed.2d 98 (2004) (quoting *Allen*, 468 U.S. at 751).

5

*Doe*, 2013 WL 1496937, at *3.

There is little case law addressing standing in the context of an SGLI policy, but the Fifth Circuit's unreported decision in *Prudential v. Flanigan*, 204 F.3d 1117, 1999 WL 1328633 (5th Cir. 1999), is instructive. There, Prudential filed an interpleader action to determine the beneficiary of an SGLI policy where the designated beneficiary, the insured's husband, had been convicted of murdering his wife and was, therefore, ineligible to receive the benefit. Prudential learned that the insured may have been survived by a minor child, who could have asserted a claim. Upon finding that the minor was not the insured's biological or adopted child, the district court awarded the proceeds to the insured's parents. The insured's husband appealed, arguing that the minor – purportedly, his son – should have received the benefit. Noting that the appellant was not appealing in a representative capacity, the court found that he lacked standing:

> To have standing to appeal, a party must be aggrieved by the district court's order. "[A]n indirect financial stake in another party's claim is insufficient to create standing on appeal[."] *Rohm & Hass Tex. v. Ortiz Bros. Insulation*, 32 F.3d 205, 208 (5th Cir. 1994) (internal citation omitted). Accordingly, as urged by Prudential, as well as in the amicus brief of the parents of the insured, [the appellant] does *not* have standing to appeal,

6

> because he lacks the requisite stake in the
> proceedings.

*Flanigan*, 1999 WL 1328633, at *1 (emphasis in original).

Similarly, Plaintiff has not sued as the representative of her daughter's estate. Moreover, she does not assert a competing claim to the benefit in her own right, nor could she. Pursuant to 38 U.S.C. § 1970(i),

> [a]ny amount of insurance in force on an insurable dependent of a member under [the SGLI subchapter] on the date of the dependent's death shall be paid, upon the establishment of a valid claim therefor, to the member or, in the event of the member's death before payment to the member can be made, then to the person or persons entitled to receive payment of the proceeds of insurance on the member's life under this subchapter.

It is undisputed that Specialist Goodwin is a "member," as that term is defined by 38 U.S.C. § 1965(5), and that Katherine was an "insurable dependent," *see* 38 U.S.C. § 1965(10). Thus, pursuant to § 1970(i), the benefit must be paid to Specialist Goodwin in the absence of some disqualifying circumstance. *See Prudential Insurance Co. of America v. Tull*, 690 F.2d 848, 849 (4th Cir. 1982) (applying the equitable defense that "[n]o person should be permitted to profit from his own wrong" in the SGLI context).

In the event that Specialist Goodwin were disqualified and the benefit remained payable, the death benefit would be paid

"to the person or persons entitled to receive payment of the proceeds of insurance on the member's life[.]" § 1970(i). Subsection (a) of § 1970 sets forth the order of precedence:

> First, to the beneficiary or beneficiaries as the member or former member may have designated by a writing received prior to death . . . ;
>
> Second, if there be no such beneficiary, to the widow of such member or former member;
>
> Third, if none of the above, to the child or children of such member or former member . . . ;
>
> Fourth, if none of the above, to the parents of such member or former member or the survivor of them;
>
> Fifth, if none of the above, to the duly appointed executor or administrator of the estate of such member or former member;
>
> Sixth, if none of the above, to other next of kin of such member or former member entitled under the laws of domicile of such member or former member at the time of the insured's death.

Because Specialist Goodwin has designated his mother, father, and siblings as beneficiaries under his SGLI policy (ECF No. 9-1, at 45), these family members would receive the benefit if he were found ineligible. More importantly, there appears to be no circumstance in which Plaintiff could receive the benefit. Thus, like the appellant in *Flanigan*, Plaintiff "lacks the requisite stake in the proceedings." *Flanigan*, 1999 WL 1328633,

at *1. Accordingly, she does not have standing to prosecute this action and her complaint must be dismissed.

What remains, then, is Prudential's counterclaim and third-party complaint. The counterclaim against Plaintiff appears to be based on the possibility that she would assert a competing claim to the benefit. Insofar as Plaintiff lacks standing to challenge the disbursement, however, it follows necessarily that she cannot assert a valid claim to the proceeds. Thus, upon dismissal of the complaint, the counterclaim would appear to be moot. *See Otter Point Dev. Corp. v. U.S. Army Corps of Engineers*, 116 F.Supp.2d 648, 651 (D.Md. 2000) ("A case becomes moot 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome'" (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)); *see also Cobb v. Yost*, 342 Fed.Appx. 858, 859 (3rd Cir. 2009) ("Article III requires a live case or controversy throughout the entire litigation; if no live controversy exists, the court must dismiss the case for lack of jurisdiction.").

There also appears to be no live controversy with respect to the third-party complaint. While Prudential initially requested a declaratory judgment as to whether the benefit was payable, it now seeks an order "direct[ing] payment of the death benefit to Third-Party Defendant Isaac J. Goodwin and releas[ing] Prudential from any further liability[.]" (ECF No.

9

37, at 1). A party seeking declaratory relief "must show that [it] is in danger of being injured by the opposing party's conduct and that the danger is both 'real' and 'imminent' and neither 'conjectural' nor 'hypothetical.'" *Gardner v. Montgomery County Teachers Federal Credit Union*, 864 F.Supp.2d 410, 421 (D.Md. 2012) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). Here, there is no dispute among the third-party defendants as to who should receive the benefit. Consequently, Prudential is not threatened with double liability, and it appears to lack standing to seek declaratory relief. *See Gardner*, 864 F.Supp.2d at 421 (finding plaintiffs "lack[ed] standing to seek an injunction or declaratory judgment" where there was no imminent threat of harm).

Moreover, jurisdiction appears to be lacking for an interpleader action. Prudential has not indicated whether it intends to proceed under Fed.R.Civ.P. 22 or the federal interpleader statute, 28 U.S.C. § 1335, but, in either event, jurisdiction exists only where "the interests of the parties are genuinely adverse[.]" *Leimbach v. Allen*, 976 F.2d 912, 916 (4th Cir. 1992) (rule interpleader); *see also* 28 U.S.C. § 1335(a)(1) ("district courts shall have original jurisdiction of any civil action of interpleader . . . if two or more adverse claimants, of diverse citizenship . . . are claiming or may claim to be entitled to such money or property"); *Metropolitan Life Ins. v.*

10

*Zaremba*, 883 F.Supp.2d 595, 596 (E.D.Va. 2012) ("[I]nterpleader will not be available unless there are two or more adverse claimants to the disputed shares") (quoting *Catizone v. Memry Corp.*, 897 F.Supp. 732, 740 (S.D.N.Y. 1995)). To meet the adversity requirement, the party seeking interpleader "must demonstrate 'a real and reasonable fear of double liability or vexatious, conflicting claims.'" *Aaron v. Merrill Lynch, Pierce, Fenner & Smith*, 502 F.Supp.2d 804, 808 (N.D.Ind. 2007) (quoting *Indianapolis Colts v. Mayor and City Council of Baltimore*, 741 F.2d 954, 956 (7th Cir. 1984)). That requirement appears to be lacking here.

Finally, insofar as Prudential and Specialist Goodwin seek an award of attorneys' fees, they cite no basis of entitlement, nor is the court aware of any. The common law "American Rule," applicable in Maryland, generally provides that a prevailing party is not awarded attorneys' fees "unless (1) the parties to a contract have an agreement to that effect, (2) there is a statute that allows the imposition of such fees, (3) the wrongful conduct of a defendant forces a plaintiff into litigation with a third party, or (4) a plaintiff is forced to defend against a malicious prosecution." *Nova Research, Inc. v. Penske Truck Leasing Co.*, 405 Md. 435, 445 (2008) (internal marks and citation omitted). Because none of these

circumstances appear to apply, it is unclear how an award of attorneys' fees could be appropriate in this case.

Accordingly, Plaintiff's complaint will be dismissed for lack of standing; Prudential will be directed to show cause, within fourteen days, why the counterclaim and third-party complaint should not be dismissed; and Prudential and Specialist Goodwin will be permitted to demonstrate their entitlement to attorneys' fees. A separate order will follow.

```
        _____/s/_____
        DEBORAH K. CHASANOW
        United States District Judge
```